# CONFIDENTIAL SETTLEMENT AGREEMENT
# AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release (the "Agreement") is by and between **Enrico Caiata** ("Caiata"), **Nikki Evans** ("Evans") (Caiata and Evans, collectively referred to as "Plaintiffs") and **Black Lagoon Products, LLC** ("BLP") and **Roy McKinney** ("McKinney") (BLP and McKinney, collectively referred to herein as "Defendants"), effective as of the date set forth in Section 1 below.

## RECITALS:

**WHEREAS**, on January 16, 2016, Evans and Caiata filed suit against BLP and McKinney in the United States District Court for the Eastern District of Tennessee at Knoxville styled *Enrico Caiata and Nikki Evans vs. Black Lagoon Products, LLC and Roy McKinney*, Docket No. 3:16-cv-00034 (the "Lawsuit").

**WHEREAS**, the Lawsuit alleges claims for unpaid wages, unpaid overtime, and retaliation and retaliatory discharge under the Fair Labor Standards Act of 1938, all of which have been expressly disavowed and disputed by the Defendants.

**WHEREAS**, by Order entered on August 18, 2017, the Court granted the Defendants' Motion for Partial Summary Judgment, and dismissed all of the claims in the Lawsuit made by Caiata (the "Order").

**WHEREAS**, in order to avoid the expense and disruption of further litigation, the Parties to this Agreement desire to resolve any and all claims alleged in the Lawsuit or which could have been alleged in the Lawsuit and to extinguish any and all claims by Evans against the Defendants which may exist up to the Effective Date (as defined below) according to the terms and conditions set forth below.

**NOW THEREFORE**, in consideration of the covenants and agreements contained herein and such other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows.

## AGREEMENT:

1.  **Effective Date.** The Effective Date of this Agreement is the date the Court grants the Joint Motion for Approval of Settlement Agreement and For Entry of an Order of Dismissal With Prejudice and enters an Order Dismissing the Lawsuit with Prejudice (the "Joint Motion").

2.  **Settlement Consideration.**

    (a)  Disputed Wages. The Parties agree that, in the Lawsuit, Evans has asserted she was not paid wages for work she performed, but she did not know the times she worked for which she was not paid. Defendants contend that the wages due Evans were paid to her at the rate of $8.00 per hour by inclusion of those wages in the paychecks of Caiata, who was represented to Defendants to be Evans' guardian. Defendants contend that the Plaintiffs requested that Evans' wages be paid in this way. Evans and Caiata lived together during the time that they were

**EXHIBIT A**

employed by BLP. The Parties further agree that even though the facts are heavily disputed, it would be very difficult for Evans to carry the burden of proof with respect to each and every element of her claim. In such event, Evans would stand the risk of being liable for the costs incurred by Defendants in the defense of this case.

   (b) <u>Claims Against Plaintiffs</u>. Following the Plaintiffs leaving their employment with BLP, they entered into an internet campaign that disparaged McKinney, BLP and its products, that was based upon information that Defendants contend was untrue and, thus, defamatory. BLP has sustained substantial damage to its business as a result of Plaintiffs' actions (the "Defamation Losses").

   (c) <u>Recovery of Costs</u>. The Defendants are entitled to recover the costs incurred in defending the claims made by Caiata, and have the additional possibility of recovering its costs against Evans for defending against her claim.

   (d) <u>No Appeal</u>. As part of the consideration for Defendants agreements herein, Caiata agrees to fully and finally release Defendants from any and all claims and agrees not to appeal the Order.

   (e) <u>Release as to Plaintiffs</u>. In consideration of the full and complete release of any and all alleged and potential claims under the Fair Labor Standards Act and for all the promises made by Caiata and Evans herein, BLP, including its predecessors or successors in interest and McKinney, in his individual capacity (i.e., independent of his membership interest in BLP), agree to release Evans and Caiata from any and all claims arising prior to the Effective Date.

  **3.** **Release and Dismissal.** In consideration of the Settlement Consideration and other good and valuable consideration, Evans agrees as follows:

   (a) <u>Dismissal of the Lawsuit</u>. Within three (3) business days of the execution of this Agreement, the Parties authorize their counsel to file the Joint Motion seeking the voluntary dismissal with prejudice of the Lawsuit, with each party to bear its own costs and attorneys' fees relating to the Lawsuit.

   (b) <u>Release of Claims</u>. Evans and Caiata, for themselves and their heirs, estates, personal representatives, executors, successors, administrators, agents attorneys, insurers, and assigns (together the "Releasing Parties") fully and irrevocably release and forever discharge McKinney and BLP, together with its directors, officers, shareholders, divisions, branches, agents, employees, assigns, successors, attorneys, insurers, and any person or entity now or previously acting directly or indirectly in the interest of or on behalf of said entities in any capacity whatsoever (together the "Released Parties") from any and all liability with respect to any actual or potential obligations, claims, causes of action, liabilities, damages, liquidated damages, or penalties whether known or unknown, liquidated or unliquidated, up to and including the Effective Date of this Agreement that any of the Releasing Parties has or may have had against any of the Released Parties arising out of or under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* or any common nucleus of operative facts with those claims made by Evans and Caiata or which Evans and Caiata could have made in the Lawsuit (collectively, the "Claims"), it being the express intent of Evans and Caiata to enter into this full and final settlement and compromise of any and all Claims against the Defendants.

**4. Caiata's and Evans' Representations.** The Plaintiffs represent and affirm that, with the exception of the Lawsuit, they have not filed any other charge, lawsuit, action, appeal, petition, arbitral proceeding, or the like in any forum under any of the laws referred to herein and are not parties to any claims, complaints, causes of action, charges, lawsuits, actions, appeals, petitions, or arbitral proceedings against BLP and/or McKinney.

**5. Knowing and Voluntary Release.** Evans understands and acknowledges that she has had ample time to consider signing this Agreement, that she has been represented by an attorney at all times during the course of the Lawsuit, including negotiating and reviewing this Agreement, and that she is not executing this Agreement in reliance on any promises or representations other than those contained in this Agreement. Evans further understands and acknowledges that BLP and McKinney have no obligation to provide the Settlement Consideration or any other obligation under this Agreement if she fails to execute this Agreement. Finally, Evans understands and acknowledges that, by signing this Agreement, Evans is knowingly and voluntarily relinquishing, waiving, and forever releasing all claims under the FLSA.

**6. No Admission of Liability.** The Parties expressly acknowledge that they have entered into this Agreement to compromise disputed claims and that neither this Agreement, nor any act done pursuant to its terms, shall be construed as an admission of liability, wrongdoing, violation of any law or regulation by Defendants or the Plaintiffs. Rather, the Parties have entered into this Agreement solely to avoid further litigation and to end all controversies between them. Neither this Agreement, nor any ancillary documents, actions, statements or filings in furtherance of settlement shall be admissible or offered into evidence in this action or any other action for any purpose whatsoever, except to seek enforcement of the terms of this Agreement.

**7. No Voluntary Participation in a Proceeding Against Defendants.** Evans agrees not to sue the Defendants or to voluntarily participate in any way in any suit or proceeding or to execute, seek to impose, collect, recover upon or otherwise enforce or accept any judgment, decision, award, warranty or attainment upon any claim released herein or the nucleus of operative facts alleged in the Lawsuit. However, this paragraph will not limit Evans from filing a claim that cannot be waived under applicable law.

**8. Court Approval.** The Parties agree that their obligations under this Agreement are contingent upon Court approval of the settlement described herein. If the Court does not approve the settlement in the form set forth herein, this Agreement will be null and void, and both Parties shall stand in the same position, without prejudice, as if the Agreement had not been entered or filed with the Court.

**9. No Reliance.** Evans further agrees and represents that, in electing to execute this Agreement and consummate the settlement reflected herein, she does not rely on any representation, inducement, or compromise by BLP, McKinney, their attorneys or agents other than what is contained in this Agreement, that the only consideration for signing this Agreement is the terms and provisions stated herein, and that she has relied solely upon her own respective judgment with the advice of legal counsel that she has sought. Evans further represents that she has not assigned any of the released claims nor authorized anyone to assert claims on her behalf and is fully authorized to enter into Agreement, including the release of claims.

**10. Severability.** If any one or more of the provisions contained in this Agreement are, for any reason, held to be invalid, illegal, or unenforceable in any respect, such revocation, invalidity, illegality, or unenforceability shall not affect any other provisions of this Agreement, and the provision which is declared invalid, illegal, or unenforceable shall be modified to the extent enforceable under applicable law.

**11. Entire Agreement & Modification.** This Agreement constitutes the final written expression of all terms of this Agreement and is a complete and exclusive statement of those terms that supersedes all prior agreements, negotiations, discussions, drafts, and understandings with respect to the subject matter hereof. No modification of any term or provision of this Agreement, including this Paragraph, will be effective unless it is written, is agreed to and signed by all Parties, is voluntarily and freely entered into, and is supported by separate and adequate consideration. The waiver by any party of a breach or violation of any provision of this Agreement shall not be construed as a waiver of any other provision or of any subsequent breach or violation of the Agreement.

**12. Future Claims.** Notwithstanding the foregoing, no term or provision of this Agreement is to be interpreted as waiving or releasing any prospective claim based upon acts, omissions or events occurring after the Effective Date.

**13. Governing Law.** The Parties acknowledge that this Agreement is made and entered into in the State of Tennessee and shall, in all respects, be interpreted, enforced and governed under the laws of that state.

**14. Attorneys' Fees.** In the event of litigation arising out of the enforcement of this Agreement, the prevailing party shall be entitled to reimbursement from the other party for the prevailing party's reasonable attorneys' fees and costs and expenses incurred with respect to such litigation. Each party shall otherwise bear its own attorneys' fees and costs fees related to the subject matter of or arising out of this Agreement.

**15. Counterparts.** This Agreement may be executed in counterparts, including facsimile signatures and signatures delivered by electronic mail, and it shall not be necessary that the signatures of all Parties appear on each counterpart. It shall be sufficient that the signature of each party appears on one or more of the counterparts. All counterparts shall collectively constitute a single agreement.

IN WITNESS WHEREOF, this Agreement is executed this the _____ day of September, 2017.

**[SIGNATURE PAGES TO FOLLOW]**

**[SIGNATURE PAGE TO SETTLEMENT AGREEMENT]**

**I HAVE READ THIS AGREEMENT. I UNDERSTAND ITS TERMS. I VOLUNTARILY AGREE TO BE LEGALLY BOUND BY THIS AGREEMENT.**

                                                            **Nikki Evans**

Date: _____

                                                            **Enrico Caiata**

Date: _____

STATE OF TENNESSEE    )
COUNTY OF _____)

      Before me personally appeared **NIKKI EVANS**, to me known (or proved to me on the basis of satisfactory evidence) to be the person described in and who executed the foregoing instrument, and acknowledged that she executed the same as her free act and deed.

      Witness my hand and seal, this \_\_\_\_ day of September, 2017.

                                                        Notary Public

My Commission Expires:
_____

STATE OF TENNESSEE    )
COUNTY OF _____)

      Before me personally appeared **ENRICO CAIATA**, to me known (or proved to me on the basis of satisfactory evidence) to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed.

      Witness my hand and seal, this \_\_\_\_ day of _____, 2017.

                                                        Notary Public

My Commission Expires:
_____

Approved: _____
James W. Friauf, Esq.
Law Office of James W. Friauf, PLLC
Attorney for Plaintiffs, Nikki Evans and Enrico Caiata

**[SIGNATURE PAGE TO SETTLEMENT AGREEMENT]**

**I HAVE READ THIS AGREEMENT. I UNDERSTAND ITS TERMS. I, BOTH INDIVIDUALLY AND AS THE DULY AUTHORIZED AGENT OF BLACK LAGOON PRODUCTS, LLC, VOLUNTARILY AGREE THAT I AND BLACK LAGOON PRODUCTS, LLC WILL BE LEGALLY BOUND BY THIS AGREEMENT.**

                              **BLACK LAGOON PRODUCTS, LLC**

**By:** _____
       **Roy McKinney, President**

_____
**Roy McKinney, Individually**

**Date:** _____

STATE OF TENNESSEE   )
COUNTY OF _____)

     Before me, the undersigned authority, a Notary Public in and for said County and State, personally appeared **ROY McKINNEY**, with whom I am personally acquainted, or proved to me on the basis of satisfactory evidence, and who, upon oath, acknowledged himself to be the President of Black Lagoon Products, LLC, the within named bargainor, a limited liability company, and that he as such President, being authorized to do so, executed the foregoing instrument for the purpose therein contained, by signing the name of the limited liability company by himself as President.

     Witness my hand and seal, this \_\_\_\_ day of September, 2017.

                                      _____
                                      Notary Public

My Commission Expires:

_____

Approved: _____
Thomas M. Hale, Esq.
Kramer Rayson LLP
Attorney for Defendants, Roy McKinney and
Black Lagoon Products, LLC

6